Argued June 1, affirmed September 22, 1971

BLEHM ET UX, *Respondents, v.* RINGERING ET UX,
*Appellants.*

488 P2d 798

*George G. VanNatta,* St. Helens, argued the cause for appellants. With him on the brief were VanNatta & Petersen, St. Helens.

*Wesley A. Franklin,* Portland, argued the cause for respondents. With him on the brief were Franklin, Bennett, Des Brisay & Jolles, Portland.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE, HOLMAN*, HOWELL, and BRYSON, Justices.

---

* Holman, J., did not participate in the decision of this case.

BRYSON, J.

This is an action at law on oral agreement to recover the reasonable value of certain improvements. The case was tried before the court without a jury. The trial court entered general findings in favor of the plaintiffs and granted judgment in the sum of $766.79. The defendants appeal.

There is no transcript of testimony or agreed narrative statement of the facts. The appeal is before this court, based on the trial court file, including the court's Findings of Fact, Conclusions of Law and Judgment Order, and exhibits one through three. ORS 19.074(1)(2a).

The plaintiffs allege that on April 15, 1969, they contracted with defendants to purchase an acre of ground in Columbia County, Oregon, and made a down payment of $400 and monthly payments of $50, including January 1970, for a total payment of $800; that in February 1970, defendants represented to plaintiffs that they had an opportunity to sell a large tract of land, including the acre plaintiffs were purchasing, to a third party to be used as a gravel pit, and offered to repurchase the land from the plaintiffs for $800 and to pay the plaintiffs the reasonable value of *certain improvements* they had made on the property in the amount of $766.79; that plaintiffs accepted the defendants' offer and surrendered the land and the purchase contract to defendants and defendants failed to pay the $766.79 or any part thereof.

Defendants' answer admits the execution of the contract and payment by plaintiffs of $800 and denies the remainder of the complaint.

The defendants' sole assignment of error is as follows:

"The Court erred in receiving and considering

the testimony offered by plaintiffs as it was inadmissible under ORS 41.580 and ORS 41.740, and hence there is no competent evidence to support the findings or judgment in this cause."

ORS 41.580 is the statute of frauds and ORS 41.740 is the parol evidence rule.

The trial court file shows that both plaintiffs testified as witnesses on their own behalf, and the defendants offered "no testimony."

The only evidence before this court is the three exhibits. Exhibit #2 is the written contract to purchase, executed by both plaintiffs and defendants on April 28, 1969. On the reverse side of the contract, which shows the payments alleged to have been made by plaintiffs to the defendants, is the following language:

"We Wesley & Helen E Blehm do sign said contract back to Gilbert & Martha Ringering this day Feb 13, 1970 for above amt of $800.00 signed:
"Wesley Blehm & Helen E Blehm"

Exhibit #1 is a quitclaim deed executed by Wesley L. Blehm and Helen Blehm, husband and wife, grantors, in favor of Gilbert W. Ringering and Martha Ringering, husband and wife, grantees. The stated consideration on the face of the deed was "$00.00." The words "A deed of convenience" were typed on the face of the document.

Exhibit #3 is a personal check executed by Gilbert Ringering in favor of Helen Blehm, dated "5-6-70," in the amount of $800. The check was endorsed as follows:

"Helen Blehm
P. O. Box 257
Scappoose, Ore
543-6536          97056"

██ As stated, appellants assign as error the fact that the court received and considered the testimony offered by plaintiffs. We have no way of knowing what testimony was offered by the plaintiffs as there is no transcript. Parties may enter into two or more contemporaneous contracts relating to the same subject matter, and they may reduce to writing only one or more of the same, the oral contracts being regarded as collateral to and distinct from the written contract. In such an instance, the parol evidence rule does not bar proof of the oral agreement. 70 ALR 752, 756-57. In determining the intent between parties to make an integrated contract, the general rule has been adopted that the surrounding circumstances, as well as the written contract, may be considered. 70 ALR 752, 761. This court has now adopted the surrounding circumstances approach, and we no longer look only to the face of the written contract to determine the intent of the parties. "Whether the parties intended to integrate their agreement in the writing is a question of fact in each case." (Citations omitted.) *Caldwell et ux v. Wells*, 228 Or 389, 395, 365 P2d 505 (1961).

██ From the record, it is impossible to determine what was the intent of the parties as there is no testimony before us. We cannot say that the trial court erred in receiving and considering the testimony offered by the plaintiffs as we do not know if it was a violation of ORS 41.740, the parol evidence rule.

As part of the assignment of error, the defendants contend that the "improvements" upon the property, for which plaintiffs seek to be compensated, represent an interest in the real property and any agreement for their sale must be evidenced by a writing to be enforced.

■ Before the relevant section of the statute of frauds, ORS 41.580(5), has application, the items sold must clearly be shown to be realty. 37 CJS Frauds, Statute of, § 74; Corbin on Contracts § 409; 29 ALR 3d 1441. Examples of Oregon cases where the property was held to be part of the realty and thus subject to the statute of frauds are: *Metropolitan Life Ins. Co. v. Kimball,* 163 Or 31, 94 P2d 1101 (1939) (a dryer plant); *Blake-McFall Co. v. Wilson,* 98 Or 626, 193 P 902 (1921) (elevator); *First State etc. Bank v. Oliver et al,* 101 Or 42, 198 P 920 (1921) (irrigation system); *Roseburg Nat. Bank v. Camp,* 89 Or 67, 173 P 313 (1918) (water pipe).

■ However, Oregon cases have recognized instances where the parties may, under the circumstances, intend that improvements are fixtures and may be treated as personalty in connection with real property conveyances. In *Dunn v. Assets Realization Co.,* 141 Or 298, 302, 16 P2d 370, 371 (1933), we stated:

> "* * * [A fixture] is one which may be characterized as belonging in the 'twilight zone' between realty and personalty and taking on the character of either according to the circumstances governing the particular case * * *."

■ It has also been said that parties may agree that an annexed article shall be regarded as personalty, and such an agreement, known as "constructive severance," is valid between the parties. *Mattechek v. Pugh,* 153 Or 1, 55 P2d 730 (1936).

■ Again, we have no evidence before us to indicate what kinds of "improvements" were made to the property. The plaintiffs allege in their complaint that "they made improvements on the property in the reason-

able value of $766.79." We can reasonably assume that the improvements were meager, considering the amount of money involved. For all we know, it could have been an older type house trailer or some item of improvement which was not permanently attached to the realty and which the plaintiffs subsequently intended to remove. Since Oregon Laws 1959, ch 558 were adopted, as now codified in ORS 19.074 and ORS 19.114, a bill of exceptions is not required. However, "* * * the transcript, as defined in ORS 19.005 is the bill of exceptions." ORS 19.114. The record here does not contain the transcript and we are, therefore, unable to review the rulings on evidence. We said, in *Hoffee v. Salem Yellow Cab Co. et al*, 222 Or 437, 438, 353 P2d 226 (1960),

> "* * * Lacking a bill of exceptions, this court may still consider the sufficiency of the pleadings, the findings of the trial court and whether the pleadings, or pleadings and findings, support the judgment. When the case has been tried to a jury we consider only the sufficiency of the pleadings, but in a law action tried by the court without a jury, we will consider both the sufficiency of the pleadings and whether the pleadings and findings support the judgment." (Citations omitted.)

A review of the pleadings and findings in this case supports the judgment, and we have no alternative but to affirm the same.

Affirmed.

McALLISTER, J., concurs in this result.