Argued November 2, affirmed December 1, 1971

# THE NATIONAL CASH REGISTER COMPANY,
*Appellant, v.* I.M.C., INC., *Respondent.*

491 P2d 211

*Gerald R. Pullen,* Portland, argued the cause for appellant. With him on the brief was Ernest M. Jachetta, Portland.

*Peter A. Schwabe, Jr.,* Portland, argued the cause and filed a brief for respondent.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE, HOLMAN, TONGUE and HOWELL, Justices.

TONGUE, J.

This is an action for breach of a written contract for the lease of an accounting machine, under which $2,032 was claimed to be due in rental payments. Plaintiff appeals from an adverse judgment by the trial court, sitting without a jury.[1]

Plaintiff contends that the trial court erred "in relying upon parol testimony by defendant attempting to prove the contract was on a monthly basis, and not for a minimum period of one year."

Plaintiff's salesman testified that he explained to defendant's bookkeeper and president that the equipment could be leased only for a minimum period of one year. He also testified that the form "equipment rental contract," as prepared by him, provided that defendant would rent the equipment "for a term of —— year(s)" and that this blank space was not filled when the contract was signed by defendant's bookkeeper. The form contract also, however, included a provision on its back in small print to the effect that it could only be terminated on 90 days' notice and after payment of not less than 12 months' rent.

The salesman also testified that upon return to his office he filled in the foregoing blank space so as to read "for a term of 1 year(s)" and told defendant's bookkeeper that the lease was for a minimum period of one year and that this was his understanding of the agreement. However, the contract was thereafter signed by someone else on behalf of plaintiff, apparently without knowledge that this blank was not filled in when the contract was previously signed by defendant's bookkeeper. No copy of the contract, as thus filled in and signed, was sent to defendant until after this controversy arose.

Plaintiff's branch manager admitted that "the term of the lease is a very vital aspect of it" and that both himself, the "branch" and the salesman received

---

① The judgment of the trial court did, however, award plaintiff the sum of $44 in "freight-out" charges and defendant cross-appeals from that judgment.

substantial commissions under rental contracts for a period of one or more years, but received no commissions for equipment rentals on a month-to-month basis.

Defendant's president and bookkeeper both testified, however, that before plaintiff's salesman prepared and submitted the written contract they informed him that defendant was not in a position to get involved with a long term equipment lease and would rent the equipment only on a month-to-month basis. They also testified that plaintiff's salesman then told them that this was the reason that the blank was not filled in and that because of that fact the provision in fine print on the back of the form contract would "not apply."

Defendant's bookkeeper, who then signed the written form contract with the blank not filled in, testified that when she did so she recognized that it was "incomplete," but signed it so that plaintiff's salesman could "get an order through" for the equipment, which would be rented on a month-to-month basis, and so that the salesman would have "some record" to show that the equipment had been delivered.

Defendant's bookkeeper also testified that she signed the form contract with the understanding that the agreement between the parties was for a rental of the equipment on a month-to-month basis and that she would not otherwise have signed it. Defendant's president, who did not sign the contract, also testified that this was his understanding of the arrangement and was the only reason that he agreed to rent the equipment.

The trial judge in this case made written findings that "the term of the lease agreement was on a monthly basis and not for a period of one year." Since

this is an action at law, it follows that if there was any substantial evidence to support such findings, they are binding upon this court.

◼ After reviewing the entire record in this case, we conclude that there was ample evidence to support a finding that the parties made an oral agreement for lease of the equipment on a month-to-month basis. We find, however, for the reasons stated in this opinion, that neither the evidence in this case nor the law as applied to such evidence supports the finding and conclusion that the oral agreement was ever integrated into a valid written contract.

Plaintiff's assignment of error on this appeal is that the court erred in finding as a fact that the term of the lease agreement between the parties was on a monthly basis and not for a period of one year. Plaintiff's basic contention is that "when there is no ambiguity in the terms of a written instrument, or if there is an ambiguity, it is a patent one, rather than a latent ambiguity, parol evidence is not admissible to alter, add to or explain the instrument," citing *Lincoln County v. Bruesch,* 197 Or 571, 254 P2d 690 (1953), and other Oregon cases to the same effect. Because, however, we find that the oral contract was never integrated into a valid written contract, it is not necessary to decide the questions raised by that contention.[2]

◼ In this case, as previously stated, the question is presented whether or not there was ever an integration of the oral agreement into the written contract as a "memorial" of the terms of the previous oral agreement. It is well established that parol evidence

---

[2] See, however, Annot, 102 ALR 287 (1936); 2 Jones on Evidence 943-45, § 489 (5th ed 1958); 9 Wigmore on Evidence 239-240, § 2473 (3d ed 1940), and 4 Williston on Contracts 896, § 627 (3d ed 1961).

is admissible to show that the parties never intended to integrate their oral agreement into a written contract. McCormick on Evidence 449-50; § 221 (1954). Cf. *DeGraw v. Grindrod,* 189 Or 684, 689, 222 P2d 649 (1950); *Smith v. Harris,* 259 Or 31, 481 P2d 1100 (1971).

■ As previously noted, defendant's bookkeeper testified that although she understood that the equipment was to be rented on a month-to-month basis, when she then signed the written form contract she recognized that it was "incomplete," but signed it so that plaintiff's salesman could "get an order through" for the equipment and so that he would have "some record" to show that the equipment had been delivered. From this evidence it follows that although the parties orally agreed to lease the equipment on a month-to-month basis, as found by the trial court, they did not agree to an integration of that oral agreement into a written lease agreement.

It necessarily follows that since no valid written contract was agreed upon by the parties, plaintiff is not entitled to recover judgment for rental payments for the remainder of the alleged one year term, as held by the trial court. It also follows that we must affirm the judgment of the trial court in denying plaintiff such a remedy.

■ It does not follow, however, that we must allow defendant's cross-appeal from the judgment entered by the trial court in favor of plaintiff in the sum of $44 for "freight-out" charges.

Defendant contends that the sole basis for that judgment is a provision of the written contract that upon termination of that agreement the lessee agreed to pay freight charges for return of the equipment. In

our view, however, regardless of whether or not there was such an express agreement, when defendant paid for the initial delivery of the equipment to it and later chose to terminate the month-to-month rental of this equipment, it then became a bailee of plaintiff's equipment and, under the facts and circumstances of this case, was responsible for the return and redelivery of such equipment to plaintiff's place of business as the place appointed by it, as the bailor, for return of the equipment. See 8 CJS 461, Bailments § 37; 8 Am Jur 2d 1060, Bailments § 171. Cf. *National Fire Ins. Co. v. Mogan et al,* 186 Or 285, 289, 206 P2d 963 (1949).

Affirmed.