Argued and submitted March 13, reversed and remanded with instructions July 10, reconsideration denied August 23, petition for review denied October 29, 1985
(300 Or 180)

FIRST NATIONAL BANK OF McMINNVILLE,
*Appellant,*

*v.*

SYBIL et al,
*Defendants,*
SNYDER,
*Respondent.*

(82-0864; CA A31511)

702 P2d 1141

Jerry B. Hart, McMinnville, argued the cause for appellant. With him on the brief were Cushing, Johnstone and Peterson, Salem.

David N. Hobson, Portland, argued the cause and filed the brief for respondent.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Plaintiff, First National Bank of McMinnville (Bank), appeals from a judgment entered in favor of defendant Snyder after a jury trial. This is a breach of contract action in which Bank alleged that Snyder failed to pay a promissory note. Snyder counterclaimed, alleging a breach of an oral agreement. This appeal involves only Snyder's counterclaim. The dispositive issue is whether the trial court erred in admitting evidence of an oral agreement between the parties. We reverse.

In 1981, Snyder, on behalf of the Sybils, negotiated a $50,000 loan from Bank to fund the purchase of a skating rink. Snyder contends that, during his initial meeting with Bank, he and Bank agreed that Snyder would co-sign the Sybils' promissory note and, in return, that he would receive the skating rink's equipment in the event that the Sybils defaulted. Bank made the loan to the Sybils. Snyder co-signed their note and executed a loan guaranty agreement and a mortgage on his fourplex. The Sybils signed a security agreement on the skating rink's equipment which was secondary to a superior landlord's lien on that equipment.

When the Sybils stopped making payments to Bank on the note, Snyder began making them. After Snyder had made ten payments, the Sybils' lessor closed the rink, due to the Sybils' failure to pay rent. Bank attempted, through Snyder, to obtain the equipment. Snyder informed Bank that, due to the landlord's lien, Bank had no interest in the equipment. Bank then obtained a deed in lieu of foreclosure on Snyder's fourplex. It then brought this action for the balance due on the Sybils' note that Snyder had co-signed.

In response to Bank's claim, Snyder alleged an affirmative defense of estoppel. He also counterclaimed, alleging that Bank had orally agreed to obtain the equipment, on his behalf, from the Sybils in the event that they defaulted. A jury returned a verdict in Snyder's favor on Bank's claim and on Snyder's counterclaim. This appeal followed.

■■ Bank's several assignments of error present essentially the same issue: whether an oral agreement between the parties concerning the disposition of the equipment was

integrated into the later written agreement.[1] The crucial part of the written agreement is paragraph 5 of the loan guaranty agreement. It provides:

> "Authority and consent are hereby expressly given said bank from time to time, without any notice to the undersigned to give and make such extensions, renewals, indulgences, settlements and compromises as it may deem proper with respect to any of the indebtedness, liabilities and obligations covered by the guaranty, including the taking or releasing of security and surrendering of documents."

ORS 41.740 provides:

> "When the terms of an agreement have been reduced to writing by the parties, it is to be considered as containing all those terms, and therefore there can be, between the parties and their representatives or successors in interest, no evidence of the terms of the agreement, other than the contents of the writing, except where a mistake or imperfection of the writing is put into issue by the pleadings or where the validity of the agreement is the fact in dispute. However, this section does not exclude other evidence of the circumstances in which the agreement was made, or to which it relates as defined in ORS 42.220, or to explain an ambiguity, intrinsic or extrinsic, or to establish illegality or fraud. The term 'agreement' includes deeds and wills as well as contracts between parties."

In *Hatley v. Stafford*, 284 Or 523, 528, 588 P2d 603 (1978), the Supreme Court, quoting the *Restatement of Contracts*, defined Oregon's Parol Evidence Rule:

> " '(1)   An oral agreement is not superseded or invalidated by a subsequent or contemporaneous integration, nor a written agreement by a subsequent integration relating to the same subject-matter, if the agreement is not inconsistent with the integrated contract, and
>
> " '(a)   is made for separate consideration, or
>
> " '(b)   is such an agreement as might naturally be made as a separate agreement by parties situated as were the parties to

---

[1] Snyder contends that the Bank failed to allege the Parol Evidence Rule affirmatively in its reply to his counterclaim and that that failure precludes reliance on the rule. The Supreme Court has held otherwise. *See Deering v. Alexander*, 281 Or 607, 612-13, 576 P2d 8 (1978). Snyder also contends that, because the Bank's action was on the note and not on the guaranty, it may not rely on the written provisions of the guaranty to invoke the Parol Evidence Rule in answer to his counterclaim for breach of the oral agreement. That argument lacks merit.

the written contract. 1 Restatement of Contracts 335 § 240 (1932).' "

Essentially, Snyder contends that the relevant provision of the contract is not inconsistent with the alleged oral agreement. We disagree. In *Hatley,* the court defined "inconsistent," as applied to the partial integration doctrine, to mean that the oral term must contradict an express provision in the writing:

> "As the court observed in *Hunt Foods and Industries, Inc. v. Doliner,* 26 App Div 2d 41, 270 NYS2d 937 (1966):
>
> > " 'In a sense any oral provision which would prevent the ripening of the obligations of a writing is inconsistent with the writing. But that obviously is not the sense in which the word is used * * * To be inconsistent the term must contradict or *negate a term of the writing.* A term or condition which has a lesser effect is provable.' 270 NYS2d at 940. (Emphasis added.)" 284 Or at 533-34.

The alleged oral agreement here is inconsistent with the written agreement to the extent that Bank cannot be said to have express authority to take or to release the equipment in the event that it makes settlements or compromises with respect to it if it is obligated to relinquish the equipment to Snyder in the event of the Sybils' default. Because the oral agreement was inconsistent with the written agreement, no evidence of the alleged oral agreement was admissible. We do not reach the second requirement under the *Restatement* test. Our disposition of this assignment makes it unnecessary for us to decide Bank's final assignment of error.

Reversed and remanded with instructions to enter judgment for plaintiff.