Argued and submitted July 23, 1986, reversed and remanded April 8, 1987

CATCHING et al,
*Appellants,*

*v.*

LASHWAY,
*Respondent.*

(31184; CA A37775)

735 P2d 13

Emil R. Berg, Portland, argued the cause for appellants. With him on the briefs was Hallmark, Griffith & Keating, P.C., Portland.

Philip R. Bennett, Portland, argued the cause for respondent. On the brief were Robert L. McKee and Robert L. McKee & Associates, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

### BUTTLER, P. J.

Plaintiffs brought this action to enforce an alleged contract to make a will; they seek to impose a constructive trust on the assets of the estate of which defendant is the personal representative. Defendant's motion to dismiss for failure to allege ultimate facts sufficient to constitute a claim was granted. ORCP 21A(8). Plaintiffs appeal from the ensuing judgment. We reverse.

Arthur and Joyce McKay were husband and wife. Plaintiffs are the daughters of Arthur; defendant is a daughter and the personal representative of Joyce's estate. Joyce had another daughter, Donna Ashe. The complaint alleges that, on or before April 18, 1962, Arthur and Joyce entered into a contract, by the terms of which the survivor of them would leave equal shares of the "joint estate" to the four daughters—plaintiffs, defendant and Donna. In an alternative claim, plaintiffs allege that, under the agreement, the survivor would have a life estate in one-half of the estate of the predeceased party and that, when the survivor died, those assets would pass equally to the children of the party who died first. On April 18, 1962, Arthur and Joyce executed a joint will, which. provided that, if one of them died survived by the other, the entire estate would pass to the survivor; in the event of simultaneous death, each of the four daughters of the parties who were then surviving would share equally. No mention was made of the alleged contract.

In 1976, Arthur died. The joint will was admitted to probate, and Joyce received all of his estate. In 1978, she executed a new will which bequeathed the bulk of her estate to her two daughters. The new will did not mention plaintiffs. On October 26, 1983, Joyce died, and the new will was admitted to probate. Plaintiffs filed a claim against the estate and, when that was disallowed, they brought this action.

The trial court noted that there was no provision in the joint will that prevented the surviving spouse from executing a new will. Accordingly, it concluded that Joyce received the joint estate free from any continuing obligation. Although the trial court had "grave reservations that the testators' intentions were set out completely in the joint will," it granted defendant's motion to dismiss.

The issue is whether plaintiffs have alleged sufficient facts to permit them to prove that the new will executed by Joyce after Arthur's death violated the alleged contract to make a will, even though the joint will executed by them does not mention the contract. There is no doubt that plaintiffs would have an uphill battle, but that is not a reason to dismiss the complaint for failure to state a claim.

■　　Plaintiffs acknowledge that they must prove the existence of a contract to make a will by clear and convincing evidence. *Willbanks v. Goodwin,* 300 Or 181, 187, 709 P2d 213 (1985). For wills executed prior to 1974,[1] there are no specific guidelines for what is required to show the existence of such a contract. *DeLaMater v. DeLaMater,* 69 Or App 40, 44, 688 P2d 1350 (1984). The mere existence of a joint will or mutual reciprocal wills is not sufficient to prove that there was a contract to make those wills. *American Nat'l Red Cross v. Wilson,* 274 Or 237, 240, 545 P2d 883 (1976). On the other hand, the existence of mutual wills, coupled with extrinsic evidence of an oral agreement between the testators, has led the Supreme Court to decide that there was a contract to make the wills. *Willbanks v. Goodwin, supra,* 300 Or at 198-99.

■　　In the absence of either a separate written document or contractual language in the will, the extrinsic evidence adduced to support the claim of an existing contract to make a will must be strong. *DeLaMater v. DeLaMater, supra,* 69 Or App at 44. Because a contract to make a will is generally covered by the same principles of law that apply to other types of contracts, *Cook v. Walsh,* 39 Or App 357, 361, 591 P2d 1201 (1979), extrinsic evidence is admissible to show that the will was only part of the agreement between the testators. *Hatley v. Stafford,* 284 Or 523, 527, 588 P2d 603 (1978). The question of whether a contract exists depends on the particular facts of each case. *Willbanks v. Goodwin, supra,* 300 Or at 199-200.

■　　A contract to make a will may be irrevocable, even though the will itself is not. *Irwin v. First Nat'l Bank,* 212 Or 534, 540, 321 P2d 299 (1958). Once a survivor accepts benefits under a will executed pursuant to a contract, a court of equity

---

[1] ORS 112.270 sets out the requirements for establishing a contract to make a will; however, the statute applies only to wills executed after January 1, 1974. ORS 112.270(1).

may enforce the contract by preventing any disposition of the joint assets which would be a breach of the contract. *Willbanks v. Goodwin, supra,* 300 Or at 200. The appropriate remedy for enforcing the contract is to impose a constructive trust on the assets. *Schaad v. Lorenz,* 69 Or App 16, 25, 688 P2d 1372, *rev den* 298 Or 37 (1984).

■ Plaintiffs' complaint alleges that Arthur and Joyce "agreed the survivor would give, devise and bequeath, in equal shares, their joint estate" to the four daughters and that Joyce breached her agreement when she made her new will after Arthur's death. On a motion to dismiss, we must assume the truth of the allegations. They are sufficient to survive a motion to dismiss.

■ Because of our disposition of the appeal, we do not address plaintiffs' other assignment that the trial court erred in refusing to allow plaintiffs to amend their complaint. Defendant's contention that plaintiffs' claim is barred by the Statute of Limitations is without foundation; there was no breach of the agreement, if any, until Joyce died. *Schaad v. Lorenz, supra,* 69 Or App at 26.

Reversed and remanded.