Argued and submitted June 15, reversed and remanded September 14, 1988

## PORTLAND METRO P & A
## ADVERTISING ASSOCIATION,
*Respondent,*

*v.*

## ROTH PORSCHE-AUDI, INC.,
*Appellant.*

(8611-07080; CA A46367)

761 P2d 12

Lee A. Hansen, Portland, argued the cause for appellant. With him on the briefs was Brown & Hansen, Portland.

Dennis H. Elliott, Portland, argued the cause for respondent. With him on the brief was Elliott & Freedman, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

This is a breach of contract action in which plaintiff seeks to recover defendant's share of advertising expenses incurred in 1986. The trial court granted plaintiff's motion for summary judgment, and defendant Roth Prosche-Audi, Inc. (Roth) appeals.[1]

Plaintiff is a nonprofit corporation formed in May, 1982, for the purpose of providing joint advertising for its members who are automobile dealers or dealerships selling Porsche and Audi automobiles. Roth was one of the four members. As a condition of membership, plaintiff's bylaws require that members have a written contract or franchise with Porsche-Audi Northwest (PANW). In March, 1986, Roth sold its assets to a third party, and its contract with PANW was automatically terminated.[2]

Plaintiff's bylaws state, in relevant part:

### "ARTICLE II

#### "*Members*

"*Section 1.*

"*Eiligibility and Election of Members.* * * * The membership of any member shall automatically cease upon termination of their [sic] PANW written contract or franchise or upon the receipt by the Corporation of the written resignation of such member.

"*Section 2.*

"*Resignation.* Any member may withdraw from the Corporation after fulfilling all obligations to it by giving written notice of such intention to the Secretary * * *.

"* * * * *

"*Section 4.*

"*Dues and Contributions.* No dues shall be payable by or collected from any member of the Corporation. Each member shall, however, contribute to the Corporation such sum for

---

[1] In the trial court, both parties moved for summary judgment. We decide only whether plaintiff's motion was properly granted.

[2] Plaintiff urged in the trial court that defendant had resigned from the corporation and, therefore, was bound by Article II, section 2, of the bylaws. On appeal, however, it does not contest Roth's assertion that its membership was automatically terminated.

each car purchased by such member from PANW as shall be determined from time to time by the members. These contributions shall be made when motor vehicles are purchased from PANW."

Roth argues that plaintiff's bylaws do not expressly impose a payment obligation on members who are automatically terminated from membership and that, therefore, it is not liable. Article II, Section 4, is the only provision of the bylaws which provides for the financing of plaintiff's activities. It requires that, when a car is purchased by a member from PANW, the member must make a contribution to plaintiff. Under Roth's reading of the bylaws, an automatically terminated member could not be responsible for plaintiff's advertising debts, because it could no longer purchase cars from PANW, which is the event that triggers the duty to make contributions under Section 4.

Plaintiff contends that Section 4 is not intended to cover fully the members' obligations to pay but is only the method which would apply to members which remain in PANW. According to plaintiff, the parties did not intend to place automatically terminated members in a favored position over resigning members by allowing automatically terminated members to avoid the duty to pay for advertising expenses already incurred. The obligation of an automatically terminated member to pay for past advertising is not contained in the written agreement, and summary judgment for plaintiff was for that reason not appropriate. In fact, if the writing is the entire agreement of the parties, Roth was entitled to prevail.

Plaintiff contends, however, in essence, that the bylaws are only a partial integration and include "some, but not all, of the terms of the actual agreement." *Hatley v. Stafford,* 284 Or 523, 527, 588 P2d 603 (1978). Whether a contract is wholly or partially integrated depends on the parties' intent. That is a question of fact. 284 Or at 529. Summary judgment was inappropriate on this state of the record.[3]

Reversed and remanded.

---

[3] Because of our disposition, we do not address the second assignment of error.