■ CHAPCO, INC., Appellant, v JOYCE INTERNATIONAL, INC., et al., Respondents.—Order, Supreme Court, New York County (Francis N. Pecora, J.), entered on or about July 24, 1991, which, granted defendants' motion for summary judgment dismissing plaintiff's first and second causes of action, unanimously affirmed, with costs.

Plaintiff, despite a complete written agreement under which a 30-day payment term was imposed, seeks to introduce parol evidence that the parties intended a 60-to-90-day payment term. The IAS Court correctly found such parol evidence to be inadmissible. No additional term may be evidenced by parol evidence that is inconsistent with the written terms of the agreement *(compare, Whirlpool Corp. v Regis Leasing Corp.,* 29 AD2d 395, 398, *with Hunt Foods & Indus. v Doliner,* 26 AD2d 41, 42).

Plaintiff's argument that the agreement was ambiguous, made for the first time on appeal, may not now be considered. *(See, City of New York v Stack,* 178 AD2d 355, *lv denied* 80 NY2d 753.)

We have considered plaintiff's remaining arguments and find them to be without merit. Concur—Carro, J. P., Milonas, Ellerin and Asch, JJ.