Argued August 26, reversed and remanded for a new trial September 20, 1976

WELBORN, *Appellant,*
*v.*
ROGUE COMMUNITY COLLEGE DISTRICT,
*Respondent.*
(No. 75-383-L, CA 5594)
554 P2d 535

*William G. Purdy,* Medford, argued the cause for appellant. With him on the briefs was Frohnmayer & Deatherage, Medford.

*Michael S. Killoran,* Grants Pass, argued the cause for respondent. With him on the brief was Balderree, Killoran & Nelson, Grants Pass.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

TANZER, J.

## TANZER, J.

Plaintiff appeals a judgment against him based upon a directed verdict for the defendant college. The complaint alleges that in June, 1974, defendant represented to plaintiff that if plaintiff accepted a job as instructor and chairman of the defendant's hospitality industry department, he would be employed in that position for a period of two years, further employment being conditioned upon satisfactory performance during the two years. In reliance upon those representations, plaintiff alleges, he terminated his employment in Pennsylvania, incurred moving expenses to Oregon and performed all the conditions of the agreement. He alleges that defendant breached the agreement by notifying plaintiff that he would not be rehired for the second year, that is the 1975-76 school year. Plaintiff therefore prayed for his second year salary and moving expenses as damages for the breach.

At trial, after plaintiff testified to preliminary negotiations with defendant's dean of instruction, defendant's counsel was allowed to examine in aid of objection. He established that the plaintiff had signed Exhibit No. 2 which purports to be a form contract of employment for a period of 220 days beginning on August 1, 1974. Plaintiff acknowledged that he had signed such a contract and returned it to the college. The contract had been sent to plaintiff under a cover letter signed by the president of the college, the first paragraph of which reads:

"It is a pleasure to send you a contract for teaching at Rogue Community College. Please sign the original copy and return it to me. It is intended that the contract for 1975-76 will be written for 12 months (240 days) beginning July 1, 1975."

Defendant then objected to any further evidence regarding the agreement on the basis of the statute of frauds and the parol evidence rule. The court sustained the objection.

Plaintiff then made an offer of proof. He testified

[ 859 ]

that his oral agreement with the dean of instruction was for a two-year period, because, it was expressly understood, he would not leave his employment and incur the cost of moving for less than a two-year contract. He testified that he and the dean understood that it would take at least two years to establish an ongoing hospitality industry program.

He further testified that the two-year commitment based on those understandings was a part of their agreement which was not incorporated into Exhibit No. 2, the written contract, because that contract was regarded by the parties as a "year to year" formality. The offer of proof was rejected under the statute of frauds and the parol evidence rule, the plaintiff rested and, upon defendant's motion, the court directed a verdict for defendant and entered judgment thereon.

Plaintiff asserts on appeal that the written document embodied in Exhibit No. 2 does not and was not intended to integrate the entire agreement of the parties and that he should be able to establish by parol evidence the terms of the complete contract. Defendant has abandoned on appeal his assertion of the statute of frauds, *see Stevens v. Good Samaritan Hosp.,* 264 Or 200, 504 P2d 749 (1972), but asserts that such evidence is barred by the parol evidence rule, ORS 41.740:

> "When the terms of an agreement have been reduced to writing by the parties, it is to be considered as containing all those terms, and therefore there can be, between the parties and their representatives or successors in interest, no evidence of the terms of the agreement, other than the contents of the writing, except where a mistake or imperfection of the writing is put in issue by the pleadings or where the validity of the agreement is the fact in dispute. However this section does not exclude other evidence of the circumstances under which the agreement was made, or to which it relates, as defined in ORS 42.220, or to explain an ambiguity, intrinsic or extrinsic, or to establish illegality or fraud. * * *"

The parol evidence rule is one of substantive law. It defines the contract. It is based upon the premise that the reduction to writing of any agreed upon term supersedes all negotiations and oral understandings as to that term. Therefore, parol evidence regarding terms which have been memorialized in writing is inadmissible to vary the writing, but there is no bar to parol evidence of agreements or terms of agreements which are not integrated into the writing. *Dorsey et ux v. Tisby et ux,* 192 Or 163, 234 P2d 557 (1951).

The Supreme Court, relying upon 1 Restatement of Contracts § 240 (1932), held in *Land Reclamation v. Riverside Corp.,* 261 Or 180, 183, 492 P2d 263 (1972), that

"* * * a written agreement is not superseded by a subsequent integration 'if the agreement is not inconsistent with the integrated contract, and (a) is made for separate consideration, or (b) is such an agreement as might naturally be made as a separate agreement by parties situated as were the parties to the written contract.' [footnote omitted] * * *"

In this case the alleged oral agreement for a two-year contract of employment is not inconsistent with the written contract which sets out the terms of employment for the first year. Furthermore, the specific terms of employment such as salary might naturally be made as a separate agreement between the employer and employe where, as here, such terms can be expected to change annually, but the general agreement is for a longer period. Thus, parol evidence is admissible to show the co-existence of a longer term oral contract of employment with an annual collective bargaining agreement. *Stevens v. Good Samaritan Hosp.,* supra, 264 Or at 202.

Whether all of the terms of agreement between the parties have been integrated into the writing or whether terms exist in addition to those which were integrated into the writing is a question of fact in each case, *Land Reclamation v. Riverside Corp.,* supra, 261

Or at 183, to be determined from the surrounding circumstances of the agreement. *Blehm v. Ringering,* 260 Or 46, 50, 488 P2d 798 (1971).

Here, the plaintiff's testimony of his agreement with representatives of the college that the contract of employment would last for at least two years and that the written contract was an annual formality, together with the reference in the college president's cover letter to the anticipated terms of the second year contract, are enough evidence to take to the jury the question of fact of whether plaintiff's allegation of the existence of a two-year contract was true. Therefore, the objection should not have been sustained and the directed verdict and judgment which flowed from that objection must be set aside.

Reversed and remanded for a new trial.