Argued March 7, affirmed May 16, 1978

LIVRAN, *Respondent,*
*v.*
FOWLER TIRE SERVICE, INC., *Appellant.*
(TC 32071, SC 25176)

578 P2d 1244

Robert E. Swift, Newberg, argued the cause for appellant. With him on the briefs was Swift & Swift, Newberg.

Jack C. Nulsen, Jr., Newberg, argued the cause for respondent. With him on the brief was Nulsen & Paxton, P.C., Newberg.

Before Denecke, Chief Justice, and Holman and Lent, Justices, and Thornton, Justice Pro Tempore.

THORNTON, J., Pro Tempore.

**THORNTON, J.,** Pro Tempore.

This is an action at law on a promissory note. The cause was tried before the court without a jury. The court found in favor of the plaintiff and entered judgment against the defendant for the face amount of the note, $4,827, less a credit of $2,034.25 and for attorney's fees in the sum of $875.

Plaintiff was the president and majority stockholder in defendant corporation (Fowler). In August 1974 he began negotiations with the other stockholders for the sale of his stock to the corporation in return for payment of debts owed him by the corporation and a share of the net profits of the corporation. On November 1, 1974, a special meeting of the board of directors of the corporation was held, at which an agreement was worked out between the parties. The terms of the agreement were reported in the corporate minutes.[1] The minutes indicated that James T. Woodward, a director of defendant corporation, was authorized to sign a written agreement memorializing

---

[1] "Under date of September 17, 1973 Livran entered into an agreement with Ronald B. Fowler and Ronald D. Fowler for the purchase of all the issued and outstanding share of stock in Fowler Tire Service, Inc.; thereafter, with the consent of the Fowlers, Livran sold to James T. Woodward 390 shares and to John D. Berry 100 shares, thus leaving Livran with 510 shares; all the shares of stock are being held in escrow by The First National Bank of Oregon as collateral security for the payment of the purchase price; the unpaid balance of the purchase price equalled $100,018.34; Livran will transfer all his stock interests and all his rights under said Fowler agreement to the Company, Fowler Tire Service, Inc.; upon such transfer the Company will covenant to pay the balance due under the contract according to its terms and save harmless Livran on account thereof; the Company shall forthwith pay unto Livran its obligation to Livran as represented by two promissory notes totalling $40,000.00, together with interest thereon of $2,500.00; the Company shall make, execute and deliver unto Livran its promissory note in the amount of $4,827.00, bearing interest at the rate of 7% per annum, payable in monthly installments of not less than $500.00 each, said note representing Livran's share of Company net profits for the fiscal year October 1, 1973 to September 30, 1974; Livran will indemnify and save harmless the Company on account of any claim which may be made by the Fowlers on account of any alleged wrongful transfer of Livran's stock interests; Livran will transfer to the

the transaction on behalf of defendant.[2] The promissory note forming the basis for this action was signed at the November 1 meeting. Blank spaces were left in the minutes and promissory note for the amount of plaintiff's share of net profits. These blanks were filled in shortly thereafter when the corporation's year-end financial statement was completed and reviewed by the parties.

Defendant contends that the corporate minutes constitute the written agreement of the parties and that under this agreement plaintiff would receive nothing on the note if the corporation did not show a net profit for its 1974 fiscal year. All of defendant's assignments of error are related to the interpretation by the trial court of the agreement of the parties.

## PAROL EVIDENCE

Defendant's primary contention is that the agreement specified that plaintiff should be paid out of the net profits of Fowler. Therefore, if there were no net profits, no money was owed to plaintiff. In fact Fowler showed a net loss of about $1,900, although its subsidiary, Willamette Retreading, Inc. (Willamette), showed a profit of about $11,000. Plaintiff claims that the parties intended net profits to be determined from the combined financial positions of both Fowler and Willamette. Defendant argues that this was not the case and relies upon the parol evidence rule to say that the corporate minutes constitute an integrated writing

Company all policies of insurance upon his life which he was required to maintain in connection with said Fowler contract respecting the Company stock and another Fowler contract with respect to stock in Willamette Retreading, Inc., and the Company will thereafter be entitled to the proceeds thereof, subject to any prior right of the Fowlers to such proceeds; and Livran will withdraw from any and every participation in Company affairs as an employee, manager, director, officer, or otherwise." Minutes of Special Meeting of Board of Directors of Fowler Tire Service, Inc., November 1, 1974, p 1.

[2]Such an agreement dated November 1, 1974, was attached to and incorporated within plaintiff's reply, but was not marked and received into evidence.

whose terms may not be varied by extrinsic evidence of the parties' intent.

██ The parol evidence rule, ORS 41.740,[3] applies only to proof as to terms of a bargain that the parties intended to memorialize in a writing. *Land Reclamation v. Riverside Corp.,* 261 Or 180, 183, 492 P2d 263 (1972); *Welborn v. Rogue Comm. College,* 26 Or App 857, 554 P2d 535 (1976); *see,* 1 Restatement of Contracts § 237 (1932); 3 A. Corbin, Contracts 440, 443, § 581 (1960). There is no evidence to indicate that the parties contemplated the minutes to be an integrated writing of their agreement. In fact the minutes themselves indicate that another writing was to be prepared and signed. Moreover, plaintiff did not sign the minutes in his individual capacity. The minutes are simply a recitation of the plaintiff's offer for the purpose of maintaining corporate records. We conclude that the trial court properly admitted and considered evidence regarding the parties' agreement that was extrinsic to the November 1, 1974, minutes.

## TRIAL COURT FINDING

██ The trial court concluded that the parties intended that the net profit figures for both Fowler and Willamette would be taken into consideration in calculating plaintiff's share of net profits. When reviewing the findings of the trial court we look to determine if the findings are supported by substantial evidence, viewing the evidence in the light most favorable to the

---

[3] ORS 41.740 provides:

"When the terms of an agreement have been reduced to writing by the parties, it is to be considered as containing all those terms, and therefore there can be, between the parties and their representatives or successors in interest, no evidence of the terms of the agreement, other than the contents of the writing, except where a mistake or imperfection of the writing is put in issue by the pleadings or where the validity of the agreement is the fact in dispute. However this section does not exclude other evidence of the circumstances under which the agreement was made, or to which it relates, as defined in ORS 42.220, or to explain an ambiguity, intrinsic or extrinsic, or to establish illegality or fraud. The term 'agreement' includes deeds and wills as well as contracts between parties."

prevailing party below. *Geer v. Farquhar,* 270 Or 642, 644, 528 P2d 1335 (1974). Plaintiff testified that the parties contemplated that the profits of both companies would be taken into consideration in setting the sum that would be his share. Further, the amount of money specified in the promissory note indicates that the net profits of both companies were considered in computing plaintiff's share of net profits. This evidence is sufficient to support the trial court's finding that when referring to the plaintiff's "share of Company net profits" the parties intended that the combined net profits of both Willamette and Fowler be considered.

## AMOUNT OF NOTE

■  Defendant argues that the agreement as set forth in the minutes requires that a specific amount be set forth pursuant to precise calculations. While we can discern no such requirement as to method of calculation in either the minutes or any of the witnesses' testimony, plaintiff did testify that the calculation was made considering his percentage of stock ownership and other interests in the respective companies. The trial court found that plaintiff was entitled to the face value of the note. We conclude that there was substantial evidence to support the finding of the trial court on this issue.

■  Defendant argues that plaintiff's sale of stock was not sufficient consideration for the defendant's promise to pay plaintiff a portion of net profits. This final assignment of error is untenable and does not warrant discussion.

Affirmed.