Argued and submitted November 23, 1987, affirmed April 6, 1988

# WHIT-LOG,
*Respondent,*

*v.*

# FIBREX & SHIPPING CO., INC.,
*Third-Party Plaintiff-Appellant,*

*v.*

# M.V.W. TRUCKING, Inc., et al,
*Third-Party Defendants.*

## (C-86-264; CA A44241)

752 P2d 843

Margaret H. Leek Leiberan, Portland, argued the cause for Third-Party Plaintiff - Appellant. With her on the brief was Kell, Alterman & Runstein, Portland.

Margaret E. Dailey, Roseburg, argued the cause for respondent. With her on the brief was Cegavske & Seitz, P.C., Roseburg.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Newman, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Fibrex Shipping Co., Inc. (defendant) appeals from a judgment holding it liable for repair work done by plaintiff on a trailer. The trial court held that the debt was not discharged by a novation and that defendant was, therefore, liable. We affirm.

Strain had been working as defendant's trucking business superintendent for five or six years when plaintiff repaired the particular trailer in question. During that time, Strain and his wife had also owned and operated a business known as M.V.W. Trucking, Inc. (MVW).[1] Strain had previously acted as defendant's agent in transactions with plaintiff involving truck repairs. Each time, plaintiff had billed defendant for the work, and defendant had paid. In August, 1985, Strain had a wrecked trailer owned by MVW brought to plaintiff for repair. The testimony on repair and billing arrangements is in conflict. Strain and defendant assert that, in a telephone conversation, Strain told plaintiff that the trailer belonged to MVW and that plaintiff and he, personally and for MVW, agreed on payment terms. Plaintiff denied being told that it was MVW's trailer and denied knowing anything about MVW.

Plaintiff billed defendant for the repair work, and defendant objected. Later, the parties met, with Strain acting as defendant's agent as well as the representative of MVW. They agreed that defendant would pay plaintiff about $1,000 and be credited for the balance due. Plaintiff would then bill MVW for the remaining $8,173.35.[2] The trial court found plaintiff's evidence more believable than Strain's regarding the alleged telephone conversation and responsibility for the repair work. The court also found that Strain had apparent authority to, and did, bind defendant by his acts.

Defendant contends that, because plaintiff credited defendant's account and thereafter billed only MVW, defendant's debt to plaintiff was discharged by a novation. However, a creditor's agreement to look to another for payment is

---

[1] The court dismissed the third party complaint against Strain after he filed bankruptcy. There is a final judgment.

[2] Defendant owed Strain about $1,000 and agreed to pay plaintiff directly in lieu of paying Strain.

immaterial unless there is also an agreement to release the original debtor. *Credit Bureaus v. Cox Brothers,* 207 Or 253, 258, 295 P2d 1107 (1956); *Haines v. Pacific Bancorporation,* 146 Or 407, 413, 30 P2d 763 (1934). A novation is not presumed. The burden of proving one is on the party asserting the affirmative defense. Defendant had to prove that plaintiff intended to release its obligation for the debt and extinguish the old obligation by substituting a new one in its place. *Credit Bureaus v. Cox Brothers, supra,* 207 Or at 258. That plaintiff knew and consented to Strain's assumption of payment of defendant's obligation by MVW does not amount to a release of defendant or an extinguishment of the debt as a matter of law. Neither does the fact that plaintiff credited defendant's account and billed MVW prove the extinguishment of the debt. To constitute a novation, all claims on the debt against the original debtor must be released, because it is possible for a creditor simply to accept a new debtor as additional security and still hold the original debtor liable. *Credit Bureaus v. Cox Brothers, supra,* 207 Or at 258; *Vawter v. Rogue River Valley Can. Co.,* 124 Or 94, 99, 257 P 23, 262 P 851 (1928).

Our review is limited to whether there is substantial evidence to support the judgment of the trial court. Any inferences must be drawn in the light most favorable to the party having the trial court's judgment. *Livran v. Fowler Tire Service, Inc.,* 282 Or 379, 383, 578 P2d 1244 (1978); *Litvin v. Engesether,* 67 Or App 240, 249, 678 P2d 1232 (1984).

■ The trial court found that Strain had apparent authority to bind defendant for the repair work. The court also found that there was an agreement for plaintiff to look to MVW for payment first, after the $1,000 payment. The court, however, did not find any agreement by plaintiff to release defendant. The court found that, because defendant agreed with plaintiff to make two $500 payments and at least one of those payments involved an invoice related to the repair work in question, plaintiff intended to continue to look to defendant as ultimately liable for the debt. There is substantial evidence in the record to support the trial court's findings.

■ Defendant contends next that the court erred in awarding plaintiff attorney fees. Defendant argues that, because the contract provision for attorney fees was not specifically discussed nor seen by Strain, Strain could not bind

defendant to pay fees. The trial court found, and defendant does not, for the purposes of this assignment, dispute that Strain, cloaked with apparent authority, had bound defendant to an unsigned work order identical to previous work orders signed by Strain in connection with other repair jobs. Each signed work order included terms and conditions on the back, including an attorney fees provision. If defendant is bound by the unsigned work order and the parties did not specifically exclude the attorney fees provision, then defendant is bound by every term of the contract, including the one for attorney fees.

Affirmed.