Argued and submitted June 22, 1988, affirmed April 26, 1989

# DEUTSCHE CREDIT CORPORATION,
*Respondent,*

*v.*

# KEELER et al,
*Appellants.*

(86-1212C; CA A44323)

772 P2d 1358

S. Ward Greene, Portland, argued the cause for appellants. With him on the briefs was Greene & Markley, P.C., Portland.

John P. Davenport, Portland, argued the cause for respondent. With him on the brief was Sussman, Shank, Wapnick, Caplan & Stiles, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

**NEWMAN, J.**

Defendants Keeler (defendants) appeal a summary judgment against them for $329,487.16, plus interest and attorney fees, in plaintiff's action to collect the unpaid balance of a note. They assign as errors that the court ruled that there is no genuine issue of material fact that they are principal obligors on the note and that plaintiff's qualified acceptance of the chapter 11 reorganization plan of defendant American Hardwoods, Inc. (AHI), did not create an executory accord or a novation. They also assign as error that the court awarded attorney fees to plaintiff for future legal services to collect the judgment. We affirm.[1]

We view the record in the light most favorable to defendants, the nonmoving parties. *Seeborg v. General Motors Corporation,* 284 Or 695, 699, 588 P2d 1100 (1978). They own the controlling stock interest in AHI, a manufacturer of plywood veneer. On November 1, 1984, defendants executed a note to plaintiff for its $427,964.28 loan to them. Defendants used the loan to purchase equipment that AHI used and gave plaintiff a security agreement that covered that equipment. Six months earlier, both defendants and AHI had signed a guaranty that they would pay any future notes to plaintiff that defendants or AHI might execute.

Defendants failed to make the note payment due in March, 1986. On April 17, 1986, plaintiff wrote to the controller of AHI:

"Confirming our recent telephone conversation, Deutsche Credit Corporation agrees to accept payment of the delinquent March 1, 1986 installment of $10,251.30 on the following basis:

|  |  | Total Payment |
|---|---|---|
| "April | $1,251.30 | $11,502.60 |
| "May | $2,000.00 | $12,251.30 |
| "June | $3,000.00 | $13,251.30 |
| "July | $4,000.00 | $14,251.30 |

"As we discussed, we will accept post-dated checks for the

---

[1] Plaintiff's action included claims against defendants and AHI to collect on the guaranty and for replevin of equipment described in the security agreement. Plaintiff, however, moved for summary judgment on the note only. Its judgment against defendants complies with ORCP 67B.

30th of each month, to be sent by the 10th of each month. I have enclosed four return envelopes for your convenience.

"In view of the extended nature of this payment agreement, it is vital that each payment be made in a timely manner. Deutsche Credit Corporation reserves the right to declare all past due monies payable immediately in the event any payment is not received in accordance with this plan.

"Please have Mr. and Mrs. Keeler sign and return one copy of this letter to acknowledge this agreement."

On the copy of the letter that defendants returned to plaintiff, they each signed an endorsement that stated: "I have read and accept the terms and conditions of this payment agreement."

In May, 1986, defendants defaulted on the note and the extension agreement. Moreover, AHI encountered business and financial problems, which resulted in its inability to make payments. Plaintiff filed this action. AHI filed a chapter 11 bankruptcy[2] and proposed a plan of reorganization. 11 USC §§ 941, 1121. The plan had not been confirmed when the court entered judgment in this case. AHI, however, made periodic payments to plaintiff under a stipulated order of the bankruptcy court that granted plaintiff "adequate protection" for its security interest in the equipment. *See* 11 USC §§ 361, 362(d), 363(e).

■ Defendants assert that there is a genuine issue of fact as to whether they are the principal obligors or merely the guarantors of the note. We disagree. Although defendant Craig Keeler's affidavit in opposition to plaintiff's motion states that "[plaintiff] relied on AHI's income statement and financial statements to support the loan and knew that money to pay off the loan would come from AHI," it admits that "the loan documents were prepared in my name and my wife's name, * * * because we were told that AHI's balance sheet would appear better if the debt for the * * * equipment was not included." The note is not ambiguous. Defendants executed the note as individuals. They do not argue that they signed on behalf of AHI. They do argue that plaintiff's letter to AHI's controller about the extension of the March payment and

---

[2] On April 11, 1988, the bankruptcy court confirmed AHI's plan of reorganization. Thereafter, we allowed defendants' motion to vacate the stay of this appeal. *See* ORAP 12.35(7); 11 USC §§ 362(c), 1141(d).

requiring that defendants sign the letter agreement is "strong evidence" that plaintiff agreed that AHI would become the primary note obligor and that defendants were to be guarantors. Nothing in that letter indicates that plaintiff intended to relieve defendants as primary obligors. Neither does the letter contain an agreement by AHI to become the primary obligor.

Defendants also argue that there is a genuine issue of material fact whether plaintiff's acceptance of AHI's proposed reorganization plan created an executory accord that suspended enforcement of the note. They assert that the facts show that plaintiff is fully secured under the plan and that AHI has made payments as adequate protection pending confirmation of the plan in amounts equal to the payments that would be made under the plan if it were confirmed. According to defendants, the payments under the plan, if made, would eventually pay plaintiff in full, with interest at the note's rate. The plan, however, had not been confirmed when the judgment was entered, and the plan did not bind AHI. Moreover, although defendants assert that plaintiff "accepted and voted to affirm that plan," plaintiff did not accept the plan as a substitute for the note but endorsed on the ballot that its acceptance is "without prejudice towards [its] rights against [defendants]." Accordingly, there is no genuine issue of material fact about whether plaintiff and defendants had agreed to an executory accord.

In the alternative, defendants argue that there is a genuine issue of material fact whether plaintiff's acceptance of the proposed plan is a novation of the prior agreement and whether the parties intended to extinguish the note. Plaintiff, however, reserved its rights against defendants when it voted to accept the plan and did not release or modify its claim against them. Accordingly, there was not a genuine issue of material fact whether plaintiff, defendants and AHI had made a novation.

Defendants assert that the court abused its discretion when, as part of plaintiff's judgment, it awarded it $5,000 for attorney fees to collect the judgment against them. Collection of a judgment may require "legal services [that are] related to the prosecution * * * of [the] action." ORCP 68A(1). Plaintiff presented evidence that it would incur at least $5,000 of legal services after the judgment in efforts to collect it. The court

could consider that evidence when it awarded attorney fees. *Johnson v. Jeppe,* 77 Or App 685, 688, 713 P2d 1090 (1986). The court did not abuse its discretion.

Affirmed.