Argued and submitted March 11, affirmed May 20, 1992

KNEZ BUILDING MATERIALS CO.,
and Kenneth R. Lokey,
individually and doing business as
Lokey Properties,
*Respondents,*

*v.*

John G. MANIKAS
and Larry T. Afzal,
both individually and doing business as
Spectra Painting and Drywall,
aka Spectra Drywall,
*Appellants.*

(C900222CV; CA A68423)

831 P2d 80

James R. Cartwright, Portland, argued the cause for appellants. With him on the brief was Cartwright & Dudley, Portland.

Rex Armstrong, Portland, argued the cause for respondent Kenneth R. Lokey. With him on the brief were Jeanne M. McGinnis and Bogle & Gates, Portland.

David J. Sweeney, Portland, waived appearance for respondent Knez Building Materials Co.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Defendants appeal a summary judgment for plaintiffs in this action for breach of contract. We review the record in the light most favorable to defendants, who opposed the motion. *Seeborg v. General Motors Corporation*, 284 Or 695, 699, 588 P2d 1100 (1978). We affirm.

On August 3, 1989, defendant Afzal executed a credit application and purchase agreement on behalf of Spectra Drywall (Spectra) with plaintiff Knez Building Materials (Knez). At that time, Spectra was the registered assumed business name of a partnership comprised of Afzal and defendant Manikas. Afzal told Knez that he was in the process of incorporating the partnership. Spectra began ordering construction materials from and paying Knez. On September 14, Afzal and Manikas incorporated Spectra in California.[1] Afterward, two of their employees told Knez that the corporation had been formed and that Knez was now doing business on the account with the corporation.[2] Knez received at least two checks from "Spectra Drywall, Inc.," and applied them to Spectra's account. Subsequently, Knez sued to foreclose on a construction lien,[3] asserting that Spectra had failed to pay $147,722.08 of its account. The court granted plaintiffs a summary judgment on the ground that defendants, as partners, were individually liable for Spectra's debt.

Defendants assert that an issue of fact exists as to whether Knez knew, after September 14, that Spectra was a corporation. However, even if Knez did know, that does not alone create an issue of fact about whether Knez had agreed to substitute the corporation for the partnership. *See Deutsche Credit Corp. v. Keeler*, 96 Or App 257, 261, 772 P2d 1358 (1989). Defendants have not established any factual

[1] The corporation did not apply for or receive authorization from the Secretary of State to transact business as a foreign corporation.

[2] Knez asserts on appeal that the employees' statements, recited in an affidavit by Manikas, are hearsay and inadmissible. However, it failed to make that objection in the trial court. We can consider the evidence.

[3] Knez asserted that it was entitled to a lien on an apartment project built by plaintiff Lokey, who had subcontracted with Spectra to install drywall. Spectra's bid for the work was signed by Manikas individually and did not list any corporate name. After Lokey paid Knez the balance due on the Knez-Spectra contract, Knez released its lien and assigned its rights against Spectra to Lokey.

issue about whether Knez agreed to release the partnership from its obligation for the debt and to substitute the corporation in its place. *Whit-Log v. Fibrex & Shipping Co.*, 90 Or App 237, 240, 752 P2d 843 (1988). Acceptance of payments from the corporation did not release the partnership from liability on the account. *See Credit Bureaus v. Cox Brothers*, 207 Or 253, 258, 295 P2d 1107 (1956); *Whit-Log v. Fibrex & Shipping Co., supra*, 90 Or App at 240. The court did not err when it granted summary judgment.

Affirmed.