2001 UT 67

**STATE of Utah, Plaintiff and Appellee,**

v.

**SEVENTY–THREE THOUSAND ONE HUNDRED THIRTY DOLLARS ($73,-130) UNITED STATES CURRENCY, Defendant.**

**Hank D. Lachman, Appellant.**

**No. 20000529.**

Supreme Court of Utah.

Aug. 7, 2001.

William L. Benge, Moab, for plaintiff.

Alan W. Mortensen, Salt Lake City, for appellant.

**PER CURIAM:**

¶ 1 Hank D. Lachman ("Lachman") appeals from a final judgment entered by the trial court, purportedly based upon stipulated facts, that ordered $73,130 forfeited to the State. We take jurisdiction over this civil in rem seizure and forfeiture action under section 78–2–2(3)(j) of the Utah Code.

¶ 2 The State and counsel for Lachman signed a written stipulation after they arrived at an oral stipulation during the forfeiture hearing. They agreed that a statement of undisputed facts submitted in support of Lachman's motion for summary judgment was true, accurate, and undisputed by the parties. This court reviews conclusions based upon stipulated and undisputed facts under the correction-of-error standard. *Sacramento Baseball Club v. Great N. Baseball,* 748 P.2d 1058, 1060 (Utah 1987). We summarize the stipulated, undisputed facts accordingly.

¶ 3 In December 1999, Lachman was driving on I–70 from Los Angeles, California, to Denver, Colorado, when Trooper Ballantyne stopped him for speeding. Ballantyne did not search Lachman's vehicle or trunk. The next afternoon, on his way back from Denver to Los Angeles, Trooper Wilson stopped Lachman for speeding, and Ballantyne pulled alongside Wilson's car a moment later. Wilson thought Lachman was under the influence of drugs because he acted nervous.

Wilson asked to search Lachman's vehicle, and Lachman consented to the search of the passenger compartment but not of the trunk. The two troopers found nothing incriminating in the passenger compartment.

¶ 4 Wilson then opened the trunk without obtaining a search warrant. Wilson searched a suitcase in the trunk without a warrant or search dog. The suitcase contained some cigarette paper, which Lachman said he used to roll his own cigarettes. The trunk also contained a Christmas package. After Wilson finished his search, Ballantyne turned on his video camera, and the two troopers conferred by telephone with Sergeant Haycock and Grand County Attorney William Benge to discuss the Christmas package. Benge informed them that they did not have enough evidence to obtain a warrant to inspect the package, and Lachman had not given his consent to open it.

¶ 5 Haycock then spoke to Lachman and told him that he was free to leave if he handed the package over to the troopers. Lachman had initially denied knowing the contents but informed Haycock that he did know and that it was nothing illegal or dangerous to his troopers. The box contained the $73,130 at issue here, which Lachman had placed there for safety purposes. Lachman asked for and secured a property receipt signed by Lachman, Wilson, and Ballantyne. The troopers issued Lachman a "friendly warning ticket" and sent him on his way.

¶ 6 Wilson placed the package in his trunk without protecting it against contamination and then peered into it after Lachman left. He saw that it contained money, but he did not pursue Lachman. He and Haycock opened the package at the Moab UHP Post without obtaining a search warrant. Neither the currency nor the wrapping paper revealed any detectable, collectible, or forfeitable controlled substance. The money was deposited in the bank the same day.

¶ 7 Two days later, two drug-sniffing dogs alerted to the odor of narcotics on the wrapping paper. The amount and type were not quantifiable or identifiable. The currency seized and sought to be forfeited has not been traced to any drug transaction in or out

of the state of Utah. A seizure warrant issued one week later.

¶ 8 The interpretation of the Utah Controlled Substances Act (the "Act"), Utah Code Ann. §§ 58–37–1 to –18 (1998), presents us with a question of law, on which we pay no deference to the trial court but which we review for correctness. *State v. One 1984 Oldsmobile*, 892 P.2d 1042, 1044 (Utah 1995).

¶ 9 Civil in rem forfeitures are governed by section 58–37–13 of the Act. Property may be forfeited only with process having issued for its seizure. Utah Code Ann. § 58–37–13(3)(a) (1998). Seizure incident to arrest or search, property that has been the subject of a prior judgment, property directly or indirectly dangerous to health or safety, and property used in violation of the Act constitute the exceptions to warrantless seizure. *Id.* § 58–37–13(3)(a)(i)-(iv). The State has the burden to prove, by a preponderance of the evidence, that the person has engaged in conduct in violation of the Act; that the property was acquired by the person incident to the conduct; and that no likely source for the property other than the conduct in violation of the Act existed. *Id.* § 58–37–13(9)(c)(i)-(iii). A rebuttable presumption exists in favor of the State that currency found in proximity to detectable controlled substances, drug equipment, supplies, or paraphernalia constitutes proceeds traceable to a violation of the Act. *Id.* § 58–37–13(2)(k); *see also State v. One 1984 Oldsmobile*, 892 P.2d at 1044.

¶ 10 Lachman raises the following claims on appeal:

1. Forfeiture is prohibited where the parties stipulated to undisputed facts that the currency was not traced to any drug transaction in or out of the State of Utah.

2. The warrantless search of Lachman's trunk and seizure and forfeiture of the currency [were] improper.

3. Forfeiture in this case violates the excessive fines clause of the United States and Utah constitutions.

4. Utah's forfeiture statute violates Lachman's due process and equal protection rights.

5. Lachman is entitled to have his proceeds returned to him based upon spoliation of evidence doctrine.

We reach only the first issue and reverse.

¶ 11 The trial court ruled that the currency at issue "had been or was intended to be used by [Lachman] in exchange for a controlled substance in violation of the laws of the State of Utah," even though the parties had stipulated that no violation had occurred.

¶ 12 The trial court's conclusion was diametrical to the parties' stipulation that the seized currency "has not been traced to any drug transaction in or out of the State of Utah" and that it was not illegal to have cash on one's person. The stipulation before the trial court had "all the binding effect of findings of fact and conclusions of law made by the court upon the evidence," and "because the facts stated in a stipulation are conclusive, a stipulation of fact cannot be met by evidence tending to show that the facts are otherwise." *Yeargin v. Tax Comm'n,* 2001 UT 11, ¶ 19, 20 P.3d 287 (internal quotes and citations omitted) (applying rule on stipulated facts to administrative proceedings); *see also Dove v. Cude,* 710 P.2d 170, 171 (Utah 1985). "[A] resolution based on undisputed facts is not one involving resolution by the trial court of conflicting testimony, and an appellate court therefore has the same means as the trial court had of reaching a correct conclusion of law." *Taylor v. Estate of Taylor,* 770 P.2d 163, 168 (Utah Ct.App.1989) (internal quotes and citations omitted).

¶ 13 The trial court could not have properly concluded that the State was entitled to a presumption under section 58–37–13(2)(k), where none of the items listed in the Act was found in proximity to the currency. Nor could the trial court have properly concluded that the canine alert to the wrapping entitled the State to claim the rebuttable presumption. The parties stipulated that Wilson had placed the package into his trunk without wrapping or protecting it against possible drug residues in his trunk. It is commonly understood that some portion of large quantities of currency will contain drug residue, and narcotics detection dogs are likely to positively alert to the currency and wrapping. *See generally United States v. U.S. Currency, $30,060,* 39 F.3d 1039, 1043 (9th Cir.1994).

¶ 14 In sum, the State had to prove by a preponderance of the evidence three elements of the Act, Utah Code Ann. § 58–37–13(9)(c), before the currency found in Lachman's possession could be forfeited to the State: (1) that Lachman violated the Act, (2) that he acquired the money while engaged in conduct in violation of the Act, and (3) that there was no likely source for the currency other than the illegal conduct. Instead, the State stipulated that Lachman was not arrested for any violation of Utah law and that the currency had not been traced to any drug transaction in or out of the state of Utah. *See* Utah Code Ann. § 58–37–13(9)(c).

¶ 15 It follows that the trial court's ruling of forfeiture is unsupported by the facts and is therefore reversed.

¶ 16 The State is directed to return Lachman's property forthwith, together with interest and taxable costs.